IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-41-FL

| | |
|---|---|
| CARRIE MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNSTON COUNTY DEPARTMENT | ) |
| OF SOCIAL SERVICES; NORTH | ) |
| CAROLINA DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES | ) |
| Johnston County, North Carolina; | ) |
| ELIZABETH WILSON individually and in | ) ORDER |
| her official capacity as Johnston County | ) |
| Social Worker Supervisor; CHANDLER | ) |
| WATSON individually and in her capacity | ) |
| as Johnston County Social Worker; | ) |
| TABITHA HARDIN individually and in | ) |
| her capacity as Johnston County Social | ) |
| Worker; ALLAN DELAINE Individually | ) |
| and in his capacity as former attorney for | ) |
| Plaintiff; and JOHNSTON COUNTY, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motions to dismiss for failure to state a claim and for lack of jurisdiction. (DE 6, 16, 26, 33). United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's complaint be dismissed. (DE 38). Plaintiff filed objections to the M&R and correspondence regarding recent developments in state court. In this posture, the issues raised are ripe for ruling.

1

For the following reasons, the court adopts the recommendation in the M&R and grants defendants' motions to dismiss on the terms set forth herein.

## STATEMENT OF THE CASE

Plaintiff commenced this civil rights action January 30, 2023, arising out of child custody proceedings in Johnston County, North Carolina, (the "state proceedings") seeking injunctive relief and monetary remedies for alleged violation of federal constitutional rights and state law. Defendants, who are plaintiff's former attorney in such state proceedings, Allan DeLaine ("DeLaine"); Johnston County, its department of social services, and its employees Tabitha Hardin ("Hardin"), Chandler Watson ("Watson"), and Elizabeth Wilson ("Wilson"); and the North Carolina Department of Health and Human Services ("NCDHHS"), filed the instant motions pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

In conjunction with the M&R recommending dismissal of plaintiff's claims, the magistrate judge also denied plaintiff's motion for court-appointed counsel. In her objections, plaintiff includes an appeal of the magistrate judge's denial of plaintiff's motion for court-appointed counsel. Plaintiff also relies upon a copy of an opinion by the North Carolina Court of Appeals in the state proceedings, In the Matter of: N.W., No. COA22-355, 2023 WL 4344652 (N.C. Ct. App. July 5, 2023).

## STATEMENT OF THE FACTS

The court incorporates herein the summary of alleged facts, as set forth in the M&R, for ease of reference.

> Before the events underlying this lawsuit took place, [plaintiff] Montgomery maintained legal guardianship over her nine grandchildren for roughly 13 years. Compl. ¶ 9. In March 2021, however, things changed. Toward the end of that month, two [Johnson County Department of Social Services ("JCDSS")] employees arrived at Montgomery's house while she was away, entered the residence, and spoke to her grandchildren. Id. ¶ 11. When Montgomery arrived

home a few minutes later, the employees informed her that JCDSS had received reports that the children were being abused. Id. ¶ 12. The employees removed five of the children from Montgomery's home and filed juvenile petitions that same day, alleging that the minors were either abused, neglected, or dependent. Id. ¶ 13. Montgomery contends that these reports contained false information. Id.

Despite Montgomery's alleged cooperation in the months that followed, JCDSS refused to develop a strategy to return the children to her care. Id. ¶ 14. That May, Montgomery petitioned the juvenile court for visitation, and JCDSS opposed her request. Id. ¶ 16. The state court eventually appointed DeLaine to represent Montgomery, but she claims that neither he nor JCDSS informed her about upcoming court dates. Id. ¶ 24. She also contends that he refused to discuss her case with her. Id. This caused her to miss an adjudication hearing in November 2021 and a disposition hearing a month later. Id. ¶¶ 26–27. At the disposition hearing, the court determined that the children should remain in JCDSS's custody. Id. ¶ 30. Montgomery appealed this decision in February 2022. Id. . . . .

All told, Montgomery seeks $30 million in damages, reunification with her grandchildren, and a court order requiring JCDSS to change its policies.

(M&R (DE 38) at 2-4).

## STANDARD OF REVIEW

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

In addition, a district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Upon timely appeal by a party, the court must modify or set aside any part of a magistrate judge's order that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); see also Local Civil Rule 72.4(a).

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

4

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[1]

**COURT'S DISCUSSION**

The M&R recommends dismissing plaintiff's federal monetary claims for failure to state a claim upon which relief can be granted, abstaining from claims seeking injunctive relief under Younger v. Harris, 401 U.S. 37 (1971), and declining to exercise supplemental jurisdiction over state law claims. Plaintiff objects to abstention under Younger and to dismissal of her federal and state claims against Johnston County and social services employees in their individual capacities. Upon de novo review, the court determines that the analysis in the M&R is cogent and correct. Accordingly, the court adopts the recommendation in the M&R. The court writes separately to augment the analysis in the M&R pertaining to those claims covered by plaintiff's objections.[2]

Beginning with claims for monetary relief against individual defendants, the court determines that dismissal is warranted not only on the basis of qualified immunity, as recommended in the M&R, but also, in part, on the basis of absolute immunity. In particular, "state social workers are absolutely immune from liability arising from their role in filing a removal petition." Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 134 (4th Cir. 1989). "[T]he filing of a removal petition is, in essence, the start of judicial proceedings against the parent or guardian of a minor child, and the duties of the social worker at that point are those of an advocate in that process." Id. at 134; see, e.g., N.C. Gen. Stat. § 7B-401.1 ("[A] county director of social services or the director's authorized representative may file a petition alleging that a juvenile is

---

[1] Internal citations and quotations are omitted from all case citations in this order, unless otherwise specified.

[2] Plaintiff does not raise specific objection to those parts of the M&R recommending dismissal of claims against defendants Delaine, NCDHHS, and Johnson County Department of Social Services. Accordingly, upon clear error review, the court adopts the analysis of the M&R as to claims against those defendants. Furthermore, in light of the disposition herein, the court does not reach additional grounds for dismissal raised by defendants in their motions.

abused, neglected, or dependent."). "Like a prosecutor, a social worker must exercise her best judgment and discretion in deciding when to file a Removal Petition," and "[t]he welfare of the state's children would be jeopardized if social workers had to weigh their decision in terms of their potential personal liability." Id.

Here, part of plaintiff's claims against individual defendants concern their decisions regarding the timing and need for a removal petition, and the filing of the removal petition, all of which allegedly took place on the same day, March 30, 2021. For example, plaintiff alleges that social services employees told plaintiff in a visit to her home on that date "that they were removing [her] grandchildren out of [her] home because of false reports that the children were being abused and/or neglected." (Compl. ¶ 12). They allegedly "did not substantiate these reports, but removed the children from [plaintiff's] home." (Id.). Further on the same date they "filed juvenile petitions . . . alleging that three of the grandchildren were abused, neglected and dependent . . . and included false information in these reports." (Id. ¶ 13). They allegedly "falsified information or used falsified information in [the] petitions in an attempt to support [the] allegations that the children were abused, neglected, and dependent." (Id. ¶36).

Plaintiff's claims for monetary relief against individual defendants based upon the aforementioned alleged conduct, in deciding on the timing of removal petitions, filing of the removal petitions, and contents of the removal petitions, must be dismissed on the basis of absolute immunity, under the authority of Vosburg, 884 F.2d at 134. Accordingly, the court dismisses plaintiff's claims against individual defendants, in part, on this additional basis. In remaining parts, where plaintiff alleges violations based upon investigations by individual defendants or actions following filing of removal petitions, plaintiff's claims are barred on the basis of qualified immunity. See, e.g., Susan Virginia Parker v. Henry & William Evans Home for Child., Inc., 762

6

F. App'x 147, 155 (4th Cir. 2019) ("[W]e have not yet articulated the constitutional standard that governs the removal of children from their parents' custody, [and] that right was not clearly established at the time the DSS removed the children here.").

Plaintiff's federal claims for monetary relief against defendant Johnston County must arise under the authority of Monell v. Dept' of Soc. Servs., 436 U.S. 658 (1978). Under Monell "[a] policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).

Plaintiff has not pleaded facts giving rise to a plausible claim of Monell liability. While plaintiff suggests a lack of adequate training, "plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference." Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 402 (4th Cir. 2014). A plaintiff must allege "continued inaction in the face of documented widespread abuses," Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999), such as through allegations of "the existence of reported and unreported cases and numerous successful motions which, if true, would buttress" an assertion of a custom or usage. Owens, 767 F.3d at 403. Where plaintiff has not alleged such "documented widespread abuses," Grayson, 195 F.3d at 697, her federal claim for monetary relief against defendant Johnson County fails as a matter of law.

With respect to plaintiff's claims for injunctive relief, in addition to Younger abstention principles articulated in the M&R, where plaintiff fails to state a claim upon which relief can be granted, there necessarily is no basis to award injunctive relief sought by plaintiff, in the form of "[r]eunification with [her] grandchildren" and JCDSS "to change their policies" and to ensure new "policies are enforced in practice." (Compl. p. 9); see Mayor of Baltimore v. Azar, 973 F.3d 258, 274 (4th Cir. 2020) ("A party seeking a permanent injunction must demonstrate actual success on the merits, rather than a mere likelihood of success required to obtain a preliminary injunction."). Accordingly, plaintiff's claims for injunctive relief are dismissed on this additional basis.

Concerning plaintiff's appeal of the magistrate judge's order denying plaintiff's motion to appoint counsel, plaintiff has not demonstrated that the magistrate judge's order was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The interests of justice do not support appointment of counsel at the pleading stage of the instant case. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (noting federal civil "appointment of counsel should be allowed only in exceptional cases"). Contrary to plaintiff's suggestion in her notice of subsequent authority, reversal of the trial court's decision in Matter of N.W. does not weigh in favor of appointment of counsel here, but rather continued pursuit of remedies in state court where the right to appointed counsel is provided under state law. See, e.g., N.C. Gen. Stat. § 7B-602 ("In cases where the juvenile petition alleges that a juvenile is abused, neglected, or dependent, the parent has the right to . . . appointed counsel in cases of indigency unless that person waives the right.").

Finally, plaintiff requests an opportunity to amend the complaint. However, in light of the grounds for dismissal as set forth herein, allowing leave to amend the complaint is not warranted. Plaintiff has not demonstrated on the present showing that amendment would cure the pleading

deficiencies in her complaint. Therefore, dismissal in this instance is not accompanied expressly by leave to amend the complaint.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 38) and DENIES plaintiff's appeal of the magistrate judge's order denying plaintiff's motion to appoint counsel. Defendants' motions to dismiss (DE 6, 16, 26, 33) are GRANTED, and plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2023.

LOUISE W. FLANAGAN
United States District Judge